William J. Began, S.
Petitioner, George M. Martin, as administrator of the estate of Joseph Witusik, also known as Joseph Witusick, obtained an order to show cause from this court directing Norbert B. Orlowski, the respondent, to attend an inquiry and to be examined relative to the ownership of a certain bank account.
The account in question was opened by Joseph Witusik in the Liberty National Bank and Trust Company, Buffalo, New York on or about December 14, 1963, by a deposit of his own money in the amount of $1,000. The savings account No. 125885 is entitled “ Joseph Witusik in Trust for N. B. Orlowski.” No other deposit or withdrawal was made by the decedent in his lifetime but with accumulated interest there is presently on hand in this account the sum of $1,219.90.
Petitioner contends that decedent deposited the money in the account in question for the purpose of paying for his funeral and that he never intended to make a gift of this money to N. B. Orlowski. Petitioner further contends that inasmuch as N. B. Orlowski did not render mortician’s services to the decedent, the money in question belongs to the estate of Joseph Witusik.
*565 The respondent, N. B. Orlowski, a licensed mortician and funeral director, contends that the moneys in question were not intended to cover the funeral expenses of the decedent but were intended to be a gift to his wife.
The testimony indicated that the wife of respondent had befriended the decedent over a period of 9 to 10 years. Shortly before the subject bank account was opened the decedent had offered to her $1,000 in cash which she had refused. Her suggestion that these funds be placed in a bank in a Totten Trust for her beneficiary was then followed by decedent except that the name of her husband was placed on the account as beneficiary. The bankbook was then delivered to respondent.
Petitioner has suggested that the funds were so deposited as an advance payment to cover the funeral expenses of decedent. However no proof was offered in this respect. As a matter of fact, respondent’s testimony refuted this theory.
It is the court’s decision that the subject bank account constitutes a valid Totten Trust and that upon the death of the decedent the funds belong to the named beneficiary.